# IN THE UNITED STATES COURT OF APPEALS

# FOR THE EIGHTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff,

   v.

STEVEN ZINNEL,

Defendant and [alleged]

Judgment Debtor.

---

TD AMERITRADE CLEARING, INC.,

Garnishee.

================================

UNITED STATES OF AMERICA,

Plaintiff,

   v.

STEVEN ZINNEL,

Defendant and [alleged]

Judgment Debtor.

---

MICHAEL BRUMBAUGH

TRUSTEE OF THE CASTANA TRUST,

DATED MARCH 4, 2009,

C.A.  Case Nos. 25-3381 & 25-3387

D.C. Case Nos.: 5:25-mc-00030-CBK &
5:25-mc-00031-CBK
District of South Dakota, Western Division

1

Appellate Case: 25-3381   Page: 1   Date Filed: 07/03/2026 Entry ID: 5657573

**APPELLANT STEVEN ZINNEL'S MOTION FOR PANEL RECONSIDERATION OF THE SINGLE JUDGE'S JULY 2, 2026 ORDER DENYING APPELLANT'S MOTION FOR LEAVE OF COURT TO FILE AN OUT OF TIME APPELLANT'S OPENING BRIEF, PURSUANT TO *FEDERAL RULE OF APPELLATE PROCEDURE* 27(c) AND EIGHTH CIRCUIT LOCAL RULE 27A**

_____

STEVEN  ZINNEL
41 W HWY 14, Unit # 2484
Spearfish, SD 57783

E. firsthalfsteve@gmail.com

Appellant In Pro Se

2

Appellate Case: 25-3381    Page: 2    Date Filed: 07/03/2026 Entry ID: 5657573

# Table of Contents

1.    INTRODUCTION ...................................................................................4

2.    BACKGROUND AND PROCEDURAL HISTORY .....................................6

3.    ARGUMENT.........................................................................................7

   A. Panel Reconsideration Under Rule 27(c) and Eighth Circuit Local Rule 27A is the Proper and Timely Vehicle to Review a Single Judge's Order ..................7

   B. The Single Judge's Unexplained Summary Denial Should Be Reconsidered Because the Uncontroverted Record Establishes Excusable Neglect and No Prejudice to the Government and no negative impact on the Court's docket management........................................................................................8

   C. Appellant's Pro Se Status Further Supports Panel Reconsideration ................10

4.    CONCLUSION .....................................................................................10

Appellate Case: 25-3381    Page: 3    Date Filed: 07/03/2026 Entry ID: 5657573

## 1.  <u>INTRODUCTION</u>

Pursuant to *Federal Rule of Appellate Procedure* 27(c) and Eighth Circuit Local Rule 27A, Appellant Steven Zinnel ("Zinnel" or "Appellant"), In Pro Se, respectfully moves this Court for panel reconsideration of the single judge's summary order entered on July 2, 2026, which denied, without explanation, Appellant's Motion for Leave of Court to File an Out of Time Appellant's Opening Brief (the "Motion for Leave"), filed June 24, 2026. Appellant renews his request that this Court accept his Appellant's Opening Brief, electronically submitted on June 22, 2026, and his Motion for Request for Judicial Notice, submitted on June 17, 2026, and thereafter continue his appeal on the merits.

Rule 27(c) expressly provides that "a party adversely affected" by the order of a single judge "may move to reconsider, vacate, or modify" that order, and that the motion be "acted on by a panel." Fed. R. App. P. 27(c). Zinnel is a party adversely affected by the July 2, 2026 order, which, if left standing, forecloses appellate review of the merits of an appeal in which Zinnel seeks the return of over $1,296,832.22 improperly collected from him by the Government. Panel reconsideration is warranted because the single judge's order gave no reasoning, and because the full record set forth in the underlying Motion for Leave establishes excusable neglect and no prejudice to the Government, such that summary denial cannot be reconciled with this Circuit's own precedent and Supreme Court precedent favoring adjudication on the merits.

Appellant Steven Zinnel is a 62-year-old self-represented senior citizen navigating this appeal In Pro Se. This appeal challenges an underlying district court

4

garnishment action in which Appellant contends the Government has unlawfully over-collected $1,296,832.22 and improperly exacted a $150,000.00 litigation surcharge (attorneys' fees).

Appellant has prosecuted this appeal with utmost diligence. After obtaining the necessary trial transcripts under an In Forma Pauperis designation, Appellant's opening brief was due on June 16, 2026. On that date, due to out-of-town constraints, compounding technical anomalies, formatting errors, and internet connectivity disruptions, Appellant requested a modest 7-day extension. The Government opposed the extension, and on June 22, 2026, a single judge of this Court summarily denied the request.

Curing the minor technical default immediately, Appellant electronically submitted his fully rule-compliant Appellant's Opening Brief on that exact same day—June 22, 2026. The marginal six-day delay was heavily comprised of the Juneteenth Federal Holiday and a standard weekend. Appellant subsequently filed a Motion for Leave to File Out of Time Brief on June 24, 2026, which was unfortunately denied. Reconsideration by a merits panel is required by the Rules governing this Motion and is firmly warranted to prevent a severe miscarriage of justice over an entirely harmless, six-day procedural glitch.

///

///

///

///

5

## 2. BACKGROUND AND PROCEDURAL HISTORY

- Appellant's Opening Brief was due, following two prior thirty-day extensions, on June 16, 2026;

- On June 16, 2026, Appellant filed a motion for a mere seven-day extension of time, which the Government opposed;

- Appellant submitted his Motion for Request for Judicial Notice on June 17, 2026;

- On June 22, 2026, a single judge of this Court summarily denied Appellant's motion for a seven-day extension of time, without stated reasoning;

- That same day, June 22, 2026, Appellant electronically submitted his completed Appellant's Opening Brief for filing, a delay of six days that included the Juneteenth federal holiday and a weekend;

- On June 24, 2026, Appellant filed his Motion for Leave of Court to File an Out of Time Appellant's Opening Brief, setting forth in detail the reasons for the minor delay and demonstrating the absence of any prejudice to the Government;

- On July 2, 2026, a single judge of this Court summarily denied Appellant's Motion for Leave, without stated reasoning;

- Pursuant to Rule 27(c), a circuit judge may act alone on any motion, but may not dismiss an appeal; and

- Appellant now timely moves for panel reconsideration of that order pursuant to Rule 27(c).

Appellate Case: 25-3381    Page: 6    Date Filed: 07/03/2026 Entry ID: 5657573

Appellant incorporates by reference the full factual and legal showing set forth in his Motion for Leave of Court to File an Out of Time Appellant's Opening Brief, filed June 24, 2026, including the procedural timeline of this appeal, the circumstances of Appellant's In Pro Se status, and the disparity between the six-day delay at issue here and the approximately one-year delay the Government itself took to file its Answering Brief in Zinnel's prior appeal before the Ninth Circuit, a delay that gravely prejudiced Zinnel while he was incarcerated.

## 3.  <u>ARGUMENT</u>

### A. Panel Reconsideration Under Rule 27(c) and Eighth Circuit Local Rule 27A is the Proper and Timely Vehicle to Review a Single Judge's Order

*Federal Rule of Appellate Procedure* 27(c) and Eighth Circuit Local Rule 27A governs the power of a single judge to act on motions and expressly preserves the right of an adversely affected party to obtain review by a three-judge panel. A single circuit judge may rule on procedural motions such as the Motion for Leave, but may not finally determine the proceeding, and any such order remains subject to reconsideration by the panel upon a party's timely request. Fed. R. App. P. 27(c). Appellant's Motion for Leave sought substantive relief, namely acceptance of his Appellant's Opening Brief and Motion for Judicial Notice and continuation of the appeal, and its denial, if not reconsidered, would have the practical effect of ending Appellant's appeal without merits review. Panel reconsideration under Rule 27(c) is

7

therefore the correct and necessary procedural step, and this motion is filed promptly, within one (1) day of the July 2, 2026 order.

**B. The Single Judge's Unexplained Summary Denial Should Be Reconsidered Because the Uncontroverted Record Establishes Excusable Neglect and No Prejudice to the Government and no negative impact on the Court's docket management**

The single-judge summarily denial, without explanation, directly conflicts with this Circuit's deeply entrenched jurisprudence favoring the disposition of appeals on their substantive merits rather than technical procedural defaults.

The July 2, 2026 order denying Appellant's Motion for Leave contains no explanation or findings. A summary denial, entered without addressing the record, is particularly susceptible to reconsideration where, as here, the underlying motion presented a detailed and uncontroverted factual showing under the governing four-factor test of *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993): (1) the absence of any danger of prejudice to the Government from a six-day delay that was cured before any notice of default issued; (2) the minimal length of the delay and its lack of any impact on this Court's docket management; (3) the specific and reasonable circumstances underlying the delay, including Appellant's In Pro Se status, technology and connectivity problems, and formatting and word-count issues while finalizing a compliant brief without assistance; and (4) Appellant's consistent good-faith diligence throughout this

8

Appellate Case: 25-3381     Page: 8     Date Filed: 07/03/2026 Entry ID: 5657573

appeal, including his timely notices of appeal, his diligent pursuit of in forma pauperis relief, and his prompt electronic submission of his Opening Brief the very day his extension request was denied.

Furthermore, under Eighth Circuit Local Rule 3C, when an appellant misses a briefing deadline, the protocol dictates that the Clerk issue a notice of default affording a grace period to cure. No such notice was ever issued here because Appellant proactively cured the technical default just six days after the deadline by lodging his finished brief. Denying an individual his entire day in court over a nominal six-day delay upends the Supreme Court's mandate that procedural noncompliance stemming from technical inability rather than bad faith should not bar merits reviews (*Societe Internationale v. Rogers*, 357 U.S. 197 (1958). (holding dismissal generally inappropriate where noncompliance results from inability rather than willfulness, bad faith, or fault).

This Circuit has likewise made clear that dismissal or default-type dispositions that forfeit merits review are disfavored and are reserved for cases involving willfulness, bad faith, or actual prejudice, none of which is present here. See *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998); *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015); *Edgar v. Slaughter*, 548 F.2d 770, 772 (8th Cir. 1977). Because a summary denial, unaccompanied by any findings addressing these controlling standards, cannot be reconciled with this Circuit's own precedent and Supreme Court precedent, the panel should reconsider, vacate, and reverse the July 2, 2026 order.

9

**C. Appellant's Pro Se Status Further Supports Panel Reconsideration**

Courts hold pro se filings to less stringent standards than those drafted by counsel and construe them liberally. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Zinnel is a 62-year-old non-attorney proceeding without assistance and with minimal resources, and he has diligently complied with every deadline this appeal has permitted him to meet, seeking extensions where necessary and curing the present six-day delay before any default notice issued under this Circuit's own local rules. These circumstances, considered together with the complete absence of prejudice to the Government and no negative impact on the Court's docket management, further support panel reconsideration of the single judge's summary order.

## 4. <u>CONCLUSION</u>

Allowing a single-judge procedural order to permanently extinguish a meritorious appeal concerning the unlawful garnishment of over $1.2 million flies in the face of equity and federal policy.

Accordingly, Appellant Steven Zinnel respectfully requests that this full Panel GRANT this Motion for Reconsideration, VACATE the single-judge denial, and DIRECT the Clerk to accept and file Appellant's Opening Brief submitted June 22, 2026 and his Motion for Request for Judicial Notice submitted June 17, 2026, and thereafter continue this appeal on the merits.

Respectfully Submitted,


*/S/ Steven Zinnel*
Steven Zinnel, Defendant and Appellant In Pro Se          Dated: July 3, 2026


10

# CERTIFICATE OF COMPLIANCE

Pursuant to *Federal Rules of Appellate Procedure* Rule 27, Appellant Steven Zinnel here by certifies that his APPELLANT STEVEN ZINNEL'S MOTION FOR PANEL RECONSIDERATION OF THE SINGLE JUDGE'S JULY 2, 2026 ORDER DENYING APPELLANT'S MOTION FOR LEAVE OF COURT TO FILE AN OUT OF TIME APPELLANT'S OPENING BRIEF, PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 27(c) AND EIGHTH CIRCUIT LOCAL RULE 27A complies with the Type-Volume Limit and Type-Style Requirements as follows:

- The proportionally spaced font in the MOTION  is 14-point. *Federal Rule of Appellate Procedure* Rule 32(a)(5)(A);

- The MOTION was produced using  a computer and does not exceed 5,200 words.  *Federal Rule of Appellate Procedure* Rule 27(d)(2)(A);

- The MOTION is **1,592 words** and Appellant relied on the word count of ,Microsoft Word, the word-processing system used to prepare the document.

Respectfully submitted,


*/S/ Steven Zinnel*
Steven Zinnel, Defendant and Appellant In Pro Se          Dated: July 3, 2026

Appellate Case: 25-3381     Page: 11     Date Filed: 07/03/2026 Entry ID: 5657573

<u>**CERTIFICATE OF SERVICE**</u>

(When All Case Participants
are Registered with the Court's CM/ECF System)

I hereby certify that at the date of service, I was over the age of 18. I further certify all of the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system **AND** by email. The foregoing document(s) were served on the following persons and/or organization via the CM/ECF system **AND** by email:

> Anne C. Weyer
> United States Attorney's Office
> P.O. Box 2638
> Sioux Falls, South Dakota  57101
>
> Email: Anne.Weyer@usdoj.gov

I further certify the foregoing document(s) were served by the following method(s) checked:

☑ **BY THE COURT'S CM/ECF System:** All the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☑ **BY ELECTRONIC MAIL:** I caused the foregoing document(s) to be transmitted via electronic mail to the email address(es) as above described.

Executed on July 3, 2026. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/S/ Steven Zinnel*
Steven Zinnel

12

Appellate Case: 25-3381     Page: 12     Date Filed: 07/03/2026 Entry ID: 5657573